IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD BROWN, | Case No. 1:24-cv-121 |
| Plaintiff | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| v. | REPORT AND RECOMMENDATION |
| WARDEN M. WASHINGTON, et al, | ON PLAINTIFF'S MOTIONS FOR<br>TEMPORARY RESTRAINING ORDER |
| Defendants | ECF Nos. 4, 6, 10 |

I.     Recommendation

It is respectfully recommended that Plaintiff's Motions for Temporary Restraining Order [ECF Nos. 4, 6, 10] be DENIED.

II.     Report

       A.  Background

In the underlying Complaint, Leonard Brown, an inmate currently incarcerated at FCI McKean, generally claims that prison officials are violating his First and Fourteenth Amendment rights by refusing to allow him to freely practice his Muslim religion. ECF No. 1-1. He specifically alleges that he has been improperly denied a Quran and prayer rug, participation in an Islamic correspondence course, and a transfer to a Life Corrections Program at another institution. *Id.* He also challenges a "100% ban on all books and magazines" imposed by the Warden at FCI McKean. *Id.*

In addition to his Complaint, Brown has filed three separate Motions for Temporary Restraining Order (TRO) and Preliminary Injunction (PI). None of these motions has any

1

connection to the underlying complaint. In the first, Brown complains that a prison guard squeezed his buttocks twice during a pat search in apparent retaliation for the filing of this lawsuit. ECF No. 4. His second TRO motion addresses the same incident, alleging that he is a sex abuse survivor and that guards should not be allowed to touch his buttocks during pat searches. ECF No. 6. Finally, Brown's third TRO motion challenges his conditions of confinement, arguing that it is too hot in his cell because of a lack of air conditioning at FCI McKean. ECF No. 10.

### B. Standard

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. *Opticians*, 920 F.2d at 192 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited

circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *United States v. Stazola*, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI*, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief.

Moreover, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A district court "should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Finally, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and

intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" . . .'". *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

C. Analysis

In the instant case, the only claims raised in Brown's pleading involve alleged restrictions on the free practice of his religion. In contrast, his TRO motions address sexual abuse and conditions of confinement claims that are wholly disconnected from the underlying claims in his complaint. Under such circumstances, injunctive relief is plainly inappropriate. *See, e.g.*, *Ball*, 396 Fed. Appx. at 837 (requiring "a relationship between the injury claimed in the party's

motion and the conduct asserted in the complaint" in order for preliminary injunctive relief to be granted); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (affirming denial of injunction where plaintiffs' alleged harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction afford"); *Stewart v. Verano*, 2015 WL 1636124, at *2 (M.D. Pa. Apr. 8, 2015) ("In sum, a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters are wholly unrelated to the underlying complaint."). If Brown wishes to pursue claims based on these unrelated matters, he must do so by filing a separate civil action against the appropriate defendants.

III.    Conclusion

For the foregoing reason, it is respectfully recommended that Brown's requests for a temporary restraining order and preliminary injunctive relief [ECF Nos. 4, 6, 10] each be DENIED.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 26th day of August, 2024.

SUBMITTED BY:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE